By the Court.
Slosson, J.
Tbe plaintiff and defendants own lots adjoining eacb other, in Eigbtb street, in this city, on eacb of wbicb a valuable building bas been erected. Tbe plaintiff claims tbat tbe easterly wall of tbe defendants’ building encroaches to tbe width of four or five inches in its whole extent on bis lot; also, tbat it overhangs bis premises ten or twelve inches, and be seeks to recover in tbe present action tbe strip so encroached upon, and tbe space overhung. Tbe parties derive title from a common source — Mrs. Judith Winthrop. Plaintiff’s lot was conveyed by her to David D. Jones, on tbe 13th of June, 1843; by Jones to Alson Roberts, on tbe 1st of August, 1851, and by Roberts to tbe plaintiff, on tbe 2d of September, 1851. Tbe defendants’ lot was conveyed by Mts. Winthrop to James B. Murray, on tbe 31st of January, 1845; by Murray to Alexander M. Williams, on tbe 1st of May, 1846; by Williams to Walter Keeler, on tbe 3d of May, 1847; and by Keeler, to tbe defendants on tbe 2d of May, 1853. Tbe building of tbe defendants adjoining plaintiff’s lot, was erected in 1847, while Jones was tbe owner of tbe latter lot, and Keeler tbe owner of tbe defendants’ lot, and four years before tbe plaintiff acquired bis title.
While tbe building was in process of erection, Jones was occasionally on tbe premises, and was aware of tbe erection of tbe same, and made no objections or complaints of any encroachment.
Tbe building on tbe plaintiff’s premises was erected in 1851, and was built close up against tbe wall of tbe building, on defendants’ premises. Neither Keeler, nor Jones, at tbe time of tbe erection of tbe building on tbe defendants’ premises, was aware of any encroachment.
Shortly before tbe commencement of tbe suit, (January, 1854,) and after tbe defendants’ purchase, tbe plaintiff’s attorney called on Wheeler, (defendants’ grantor,) and stated to him, tbat on a *454 survey of tbe premises, it was ascertained that tbe defendants’ building encroached on plaintiff’s lot. Keeler admitted tbe encroachment, and said be would see tbe plaintiff, and settle with him.
Keeler said also, that every building from tbe corner of Avenue B, encroached on tbe adjoining lot to tbe east, and that plaintiff bad bis full front on tbe street, and must encroach on bis neighbor, and that tbe owners ought all to settle and adjust tbe matter, and that be, Keeler, was willing to settle with tbe plaintiff.
It was also proved, that tbe defendants’ building leaned against tbe plaintiff’s building, (which was a four-story brick budding,) and bad gradually since its erection, inclined to tbe eastward, and that it now leans eight or ten inches beyond tbe perpendicular, by means whereof, tbe plaintiff’s chimneys, and building, were injured.
There-was an exception to tbe admission of this evidence, which bad been objected to on tbe ground, that tbe plaintiff could only recover under tbe pleadings, for an interest in tbe land itself.
Tbe court left to tbe jury to find tbe damages, both for tbe withholding of possession of tbe strip covered by tbe encroachment, and that occasioned by tbe inclination and overhanging of tbe defendants’ bouse/ which tbe jury fixed in gross, at $50, and a verdict was directed for tbe plaintiff for tbe premises claimed, and tbe damages found, subject to tbe opinion of tbe court, on a case to be made.
Tbe defendants contend, that Keeler, by including tbe strip in question, within tbe area of bis building as part of bis lot, though confessedly not embraced in bis deed, in effect asserted a claim of title thereto, which made bis possession of it adverse as against the grantor of the plaintiff, and, that therefore, tbe conveyance to tbe plaintiff was void, as being a grant of land held adversely at tbe time it was made, and if be is correct in this, such, undoubtedly, would be tbe effect on tbe plaintiff’s title. - (2 R. S. 739, § 147.)
- When an adverse possession is not founded on a deed, or on a judgment, or decree, of some competent court, there must be some unequivocal assertion of title in tbe party, exclusive of every other right. It may be by word of mouth.
Actual possession and improvement of tbe premises, as owners *455 are accustomed to possess and improve, without recognizing a right in any other person, or disavowing title in himself, is enough to raise a presumption that the party took possession in the character of owner, and until the presumption is rebutted, by contrary evidence, will amount to a claim of title on his part.
Such has been held sufficient, when the claim rests on even a defective conveyance of the premises. Such would probably be sufficient, where the title is not asserted as resting on any .conveyance to the- extent to which the premises are actually occupied and improved.
The difficulty arises, when the claim rests on a deed,, and the deed does not in fact embrace the premises. This is qot like the case of a defective conveyance, which, notwithstanding it may be invalid to carry the title, embraces the premises, and is good as giving color of title, and as a foundation of claim of title.
If the party asserts the deed, as the foundation of his daim of title, is he confined, as to the adverse character of his possession, to the premises actually included in the deed?
The statute (2 R. S. 222, (marg.) § 9,) declares, that where the claim is founded on a written instrument, as being a conveyance of the premises in question, and there has been a possession for twenty years of the premises included in the deed, or of some part of such premises, under such claim, “the premises so included, shall be deemed to have been held adversely.”
The defendant in the present action, founds his''claim of title to the strip of land, in controversy on his deed, which does not in fact embrace it; and the plaintiff contends, that he cannot go beyond it, and that the strip is therefore occupied without claim of title, notwithstanding it is built over, and that therefore it has never been held adversely; that in fact, it is the case of a mere mislocation, or occupation by mistake, .without' any pretension of title on the part of the defendant, further than the honest supposition, that his deed covered it, and therefore, in- no respect, adverse in its character. »
We are referred by the defendant’s counsel, to a case decided by the General Term of this court, in-December, 1851, which is not reported, and 'which it is insisted, decides the very point in question. It is the case of James Kent v. John J. Hart.
In looking into this case,'we find it extremely parallel with *456 the one now before ns. It was the ease of an encroachment of a few inches of defendant’s lot upon the plaintiff’s, as called for by the plaintiff’s deed, and which ran through the entire block, as in the case at bar.
The plaintiff’s deed was given in 1849. The defendant’s in 1887.
The difference between the two cases, arises from there having been proof in the case cited, of the defendant’s having always expressly claimed, that the premises in question were covered by his deed, though in fact they were not, there being no such proof in the case at bar. In both cases, the strip in dispute, is covered by the defendant’s building, and is included in the plaintiff’s deed. On the trial of the case cited, the presiding Judge submitted the question to the jury for a special finding, whether the defendant was in possession, claiming to be owner, at the date of the deed to the plaintiff, with directions to return a verdict for the defendant, if they found this question in the affirmative, wMch they did; and the verdict was accordingly entered for the defendant,. and on exceptions to this charge, and directions, the case was taken by appeal to the General Term, where the judgment and verdict were affirmed.
Whether this decision be considered as a judicial construction of the statute, (2 R. S. 294, marg. § 9,) or as holding that, independently of the statute, an adverse possession may be .created, by claiming title under deed, and showing possession, in connection with it, though the premises are not embraced in it, it is clearly binding upon us, whatever may be our views on the question, were it now presented for our adjudication for the first time.
The fact that there was proof in that ease, that Hart the defendant actually asserted or claimed, that his deed covered the premises, does not distinguish that case from the present, in which no such claim has been pretended to have been made, since the difficulty does not turn on the question of whether the defendant, verbally or otherwise, expressly asserted or claimed that his deed embraced the land in dispute, but whether, having founded his claim upon his deed, he is not by the statute, confined to the premises included within it, as being adversely held, and if he is, then the open assertion of the claim becomes immaterial.
In other words, his saying that he claimed under his deed, *457 ■would be no higher assertion of a claim, than the mere production of the deed, as the foundation of the claim, if the rule be, that the adverse possession cannot be extended beyond the boundaries in the deed.
We therefore, hold, that the defendant has established an adverse possession in respect to the strip of land claimed to be recovered in this action, and that as to that, the plaintiff’s deed is, in judgment of law, to be considered as void.
The plaintiff also claims to recover possession of that portion of space occupied by the overhanging of the wall of defendant’s house, and which is shown to project several inches over the line "of the defendant’s adverse possession.
The claim is novel, but we do not see why it is not well founded, nor why, if A builds over though not upon'B’s land, B may not have his remedy by ejectment.
The action is for the recovery of real property, a term which is synonymous with “lands, tenements, and hereditaments.” (Code § 462.) “ Land,” it need hardly be said, extends upwards as well as downwards, as far as the convenience of the owner of the subjacent soil may see fit to extend it. (8 Kent, 487.)
The plaintiff would be entitled to recover in respect to this encroachment, but as joint damages have been assessed, in respect both to the withholding by the defendants of the possession of the strip, and the injury to the plaintiff’s premises, by the overhanging of the wall, and as these damages cannot be severed and apportioned by the court, unless the plaintiff shall remit them entirely, there must necessarily be a new trial If the plaintiff shall consent to remit the damages, and also to modify the. ver diet so as to confine it to the space overhung by the wall, he will be entitled to judgment on the verdict, as modified.